**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4552

JOHN P. HAMILTON, a/k/a Majestick,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-95-174)

Submitted: April 7, 1998

Decided: April 23, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William S. Winfrey, II, Princeton, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, John C. Parr, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John P. Hamilton pleaded guilty to engaging in a continuing criminal enterprise to distribute cocaine, cocaine base, and hydromorphone in violation of 21 U.S.C. § 848 (1994). The court sentenced Hamilton to 360 months' incarceration and five years supervised release, and the court ordered him to pay a $10,000 fine and a $50 special assessment. Hamilton appeals his sentence. Hamilton's attorney filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the district court's denial of Hamilton's motion for downward departure, but asserting that, in his view, there are no meritorious grounds for appeal. Hamilton was informed of his right to file a pro se supplemental brief, which he failed to file. Because we find that the district court's denial of the motion for downward departure is not reviewable, we affirm.

To the extent that Hamilton contends that the district court erred in refusing to grant his motion for downward departure based upon his age of twenty-eight, the fact that his co-defendants received a lesser sentence, and his cooperation with the Government after the entry of his guilty plea, we find his claim unavailing. The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. <u>See United States v. Underwood</u>, 970 F.2d 1336, 1338 (4th Cir. 1992). The record reflects that the district court was aware of its authority to depart but chose not to depart after considering the statements of Hamilton and counsel for both parties. Therefore, Hamilton's sentence within the guidelines range is not reviewable. <u>See Underwood</u>, 970 F.2d at 1338.

In accordance with the requirements of <u>Anders</u> , we have examined the entire record and find no meritorious issues for appeal. Accordingly, Hamilton's conviction and sentence are affirmed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

2

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3